UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ANDRE MARQUEE PIERCE,** | | **PRISONER** |
| Petitioner | : | CASE NO. 3:02CV838(JCH)(HBF) |
| v. | : | |
| **WARDEN GIOVANNI GOMEZ,** | : | DECEMBER 3, 2003 |
| Respondent | | |

## MOTION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Now comes the respondent and moves to dismiss the petition for writ of habeas corpus filed in the above-captioned proceeding. The respondent's motion is brought on the ground that the petitioner has failed to exhaust four of the claims that he raises in his Second Amended Petition [Doc. # 12] by "fairly" presenting those claims to the state courts of Connecticut. Additional details and arguments may be found in the respondent's memorandum of law which accompanies this motion. That memorandum is filed pursuant to Rule 9(a) of the Local Rules of Civil Procedure.

**I.    PROCEDURAL HISTORY**[1]

In the Connecticut Superior Court for the judicial district of Fairfield, Gormley, J., presiding, the petitioner was found not guilty of murder but guilty of the lesser included offense of manslaughter in the first degree with a firearm in violation of Connecticut General Statutes § 53a-55a. On October 2, 1997, the trial court imposed a sentence of thirty years incarceration.

---

[1] In support of this motion, the petitioner's brief to the Connecticut Appellate Court and his petition for discretionary review to the Connecticut Supreme Court are attached to this motion as Appendices A and B, respectively.

On appeal to the Connecticut Appellate Court, the petitioner claimed that (1) the trial court erred in finding probable cause for the charge of murder at the probable cause hearing; (2) the trial court erred in admitting evidence that a "hit" had been placed on the petitioner and on a witness; (3) the trial court erred in admitting evidence of a warrant for the petitioner's arrest; (4) the state's attorney committed misconduct during his closing argument; (5) one witness' identification of the petitioner was the product of a "suggestive" procedure; (6) the trial court erred in admitting evidence that the petitioner was seen by a witness hours after the killing; (7) the trial court erred in admitting evidence of uncharged misconduct committed by the petitioner; and (8) the state's failure to preserve certain evidence was prejudicial. On March 27, 2001, the Connecticut Appellate Court affirmed the judgment of conviction. State v. Pierce, 62 Conn. App. 905, 770 A.2d 35 (2001) (per curiam). The petitioner then petitioned the Connecticut Supreme Court for certification to appeal the decision of the Connecticut Appellate Court. Certification was denied on May 16, 2001. State v. Pierce, 256 Conn. 915, 773 A.2d 945 (2001).

Meanwhile, on April 1, 1998, the petitioner filed a petition for writ of habeas corpus in the Superior Court for the judicial district of New Haven. Thereafter, a trial on the merits of the petitioner's claims was held. On October 19, 2000, the state habeas court issued its written decision and denied relief. The petitioner filed a petition pursuant to Connecticut General Statutes requesting permission to appeal the decision of the state habeas court. That petition was denied. Although finding the petitioner indigent, the state habeas court also denied the petitioner's motion for a waiver of costs and fees and the appointment of counsel so that he could pursue an appeal of the state habeas court's decision. Thereafter, the petitioner, through counsel, filed a motion for review with the Connecticut

Appellate Court in which he challenged the state habeas court's denial of the waiver of costs and fees and the appointment of counsel. That motion was denied on April 25, 2001.

The petitioner then initiated two separate federal habeas corpus proceedings. On May 14, 2002, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the instant case. On May 20, 2002, he filed a second petition in Pierce v. Gomez, Case No. 3:02CV874(JCH). Subsequently, the Court ordered the petitioner to file an amended petition raising all of his claims in the instant case and dismissed the petition brought in Case No. 3:02CV874(JCH). The petitioner filed that amended petition [Doc. # 12] on June 9, 2003.

Subsequently, on August 30, 2002, the petitioner filed a second state petition for writ of habeas corpus in the Superior Court for the judicial district of Hartford. Andre Pierce v. Warden, State Prison, Docket No. CV02-0819524-S, Superior Court in the judicial district of Hartford. That petition has been transferred to the Superior Court in the judicial district of Tolland where it remains, pending resolution.

## II.  ARGUMENT

In this habeas corpus matter brought pursuant to 28 U.S.C. § 2254, the petitioner, Andre Marquee Pierce, challenges his 1997 state court conviction for manslaughter in the first degree with a firearm. In so doing, he claims that his conviction is unlawful in that he was denied due process of law because: (1) the prosecutor committed misconduct during the State's closing argument; (2) he was identified by two witnesses after the police used suggestive procedures; (3) false testimony was presented at his trial; (4) "improper evidence" was presented by the State; and (5) the state failed to preserve certain physical evidence. He further alleges that he was denied the effective assistance of counsel

3

because his attorney failed to (1) impeach the state's chief witness; (2) call three witnesses who claimed to have heard a third party admit to the crime; (3) object to the admission of false testimony; (4) preserve and introduce the statement of a witness; (5) object to hearsay evidence; (6) call a police detective as a witness. As demonstrated below and in the accompanying memorandum of law, the petitioner has failed to exhaust his state court remedies by "fairly" presenting the claims raised in Counts One, Two, Three, and Four of the petition in the state courts of Connecticut. As a result, his petition contains several unexhausted claims and constitutes a "mixed" petition.

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). This "exhaustion requirement springs primarily from considerations of comity." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). It requires that federal courts refrain from exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Id. A claim is not "exhausted" unless it has been presented to the highest state court. Daye, 696 F.2d at 190 n.3. Nevertheless, the mere presentation of "a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000)

4

citing Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

In Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), the High Court held "that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." See also Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991) (if a "habeas petition contains both exhausted and unexhausted claims, it must be dismissed to enable petitioner to exhaust his unexhausted claims or to file a subsequent petition dropping them"); Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990). When confronted with a "mixed" petition, the district court must either send the petitioner "back to the state courts or afford him the opportunity to abandon his unexhausted claims and proceed only with his exhausted claims." Zarvela v. Artuz, 254 F.3d 374, 378 (2d Cir. 2001).

In the instant proceeding, the petitioner raises four claims in his petition that were not exhausted in the state courts. In each of these claims, the petitioner presented the factual or legal basis of his claim for the first time in his petition seeking discretionary review by the state's highest court or in his petition to this Court. As a result, these four claims have not been "fairly" presented to the Connecticut state courts and, therefore, have not been exhausted and, therefore, his petition must be dismissed. Alternatively, the Court could dismiss the unexhausted claims and stay further proceedings on the remaining claims raised by the petitioner.

### III. CONCLUSION

Review of four of the claim raised in the petition is prohibited by 28 U.S.C. § 2254(b)(1)(A). Therefore, the petition must be dismissed or, alternatively, the unexhausted claims must be dismissed while any further proceedings on the remaining claims are stayed.

        Respectfully submitted,

        RESPONDENT-WARDEN GIOVANNI GOMEZ

By: _____
    JO ANNE SULIK
    Assistant State's Attorney
    Civil Litigation Bureau
    Office of the Chief State's Attorney
    300 Corporate Place
    Rocky Hill, Connecticut 06067
    (860) 258-5887
    (860) 258-5968 (fax)
    Fed. Bar. No. ct 15122

### **CERTIFICATION**

I hereby certify that a copy of this document was mailed to Andre Pierce, Inmate # 218478, MacDougall Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080, on December 3, 2003.

_____
JO ANNE SULIK
Assistant State's Attorney