UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRE MARQUEE PIERCE,<br>      Petitioner, | :<br>:<br>:   PRISONER CASE NO. |
| v. | :   3:02-cv-838 (JCH)<br>: |
| WARDEN BRIAN K. MURPHY<br>      Respondent. | :   JUNE 25, 2004<br>: |

**RULING ON MOTION TO DISMISS [DKT. NO. 19]**

The petitioner, Andre Marquee Pierce, is currently confined at the MacDougall Correctional Institution in Suffield, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction for manslaughter in the first degree. Pending before the court is a motion to dismiss filed by the respondent. For the reasons set forth below, the respondent's motion to dismiss is granted.

**I.  PROCEDURAL BACKGROUND**

In 1997, in the Superior Court for the Judicial District of Fairfield at Bridgeport, Connecticut, a jury found the petitioner guilty of manslaughter in the first degree with a firearm. See Second Amended Pet. Writ Habeas Corpus at 2. On October 2, 1997, the judge sentenced the petitioner to thirty years of imprisonment. See id. On March 27, 2001, the Connecticut Appellate Court affirmed the conviction in a per curiam decision. See State v. Pierce, 62 Conn. App. 905 (2001). On May 16, 2001, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Connecticut Appellate Court's decision. See State v. Pierce, 256 Conn. 915 (2001).

On April 1, 1998, the petitioner filed a petition for writ of habeas corpus in state court alleging ineffective assistance of counsel. On October 19, 2000, the trial court

denied the petition. On December 4, 2000, the trial court denied the petitioner's motion requesting leave to appeal the decision to the Connecticut Appellate Court as well as petitioner's motion for appointment of counsel and request to waive fees and costs. See Amended Pet. Writ Habeas Corpus at 4. Through counsel, the petitioner filed an appeal of the trial court's denial of the motions for appointment of counsel and waiver of fees. On April 25, 2001, the Connecticut Appellate Court denied the petitioner's appeal. In August 2002, the petitioner filed a second state habeas petition claiming that his counsel in the first habeas petition was ineffective. The petitioner asserts that the second habeas petition is still pending.

The petitioner commenced this action on April 2, 2002, the date he presumably handed his habeas petition to prison officials for filing.[1] He filed a second amended petition on June 9, 2003. The petitioner raises ten grounds for relief. The first five claims relate to the claims raised by the petitioner on direct appeal of his conviction. The remaining five claims are ineffective assistance of counsel claims that the petitioner raised in his first state habeas petition.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

---

[1] Although the petition was originally received on May 3, 2002, and subsequently re-submitted and docketed by the court on May 14, 2002, the court deems the petition filed as of the date the petitioner signed the petition, April 2, 2002. The court presumes the petition and in forma pauperis application were handed to correctional officials for mailing to the court on the same date the petitioner signed the petition. See Houston v. Lack, 487 U.S. 266, 270-71, 274 (1988) (holding that prisoner motions are deemed filed at the time they are delivered to prison officials for mailing). The Second Circuit has applied this "mailbox rule" to pro se federal habeas corpus petitions. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir.), cert. denied, 534 U.S. 886 (2001).

No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255.  Specifically, the AEDPA amended § 2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); see Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000).  The Second Circuit has held that the limitations period does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari.  See Williams

3

v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. See 28 U.S.C. § 2244(d)(2) (statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim in pending"); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (pending federal habeas petition doe not toll statute of limitations under 28 U.S. § 2244(d)(2)). Where a petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, and there is no pending petition for collateral relief that would toll the statute of limitations, the Second Circuit has held that the petitioner must file his federal habeas corpus petition within one year after the enactment of the AEDPA, or on or before April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998).

A petitioner must also exhaust all available state remedies prior to filing a habeas petition in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982); 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal. See O'Sullivan, 526 U.S. at 843 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal

claims be presented to the highest court of the pertinent state before a federal court may consider the petition." Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) (per curiam).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845.

### III.   DISCUSSION

The respondent argues that the petition should be dismissed because the first four claims are unexhausted. The petitioner does not address the respondent's argument in his response to the motion to dismiss.

The first four grounds of the petition are as follows: (1) the assistant state's attorney engaged in prosecutorial misconduct when he incorrectly argued that the testimony of Richard Guzman and Polita Rodriguez regarding the whereabouts of Guzman at the time of the shooting was consistent; (2) police detectives violated petitioner's right to Due Process when they engaged in suggestive identification procedures when showing petitioner's photograph to two witnesses; (3) Detective

Texeira's false testimony concerning a "hit" on the petitioner denied the petitioner his right to a fair trial; and (4) Detective Texeira's testimony concerning the petitioner's known drug sales and use, and the existence of a warrant for the petitioner's arrest, denied the petitioner his right to a fair trial.

The respondent argues that the petitioner did not raise the fourth claim on appeal to the Connecticut Appellate Court or in his petition for certification to the Connecticut Supreme Court.  Thus, the fourth claim is not exhausted.  The respondent also argues that, although the first three claims were raised by the petitioner in his petition for certification to the Connecticut Supreme Court, they were not raised on appeal to the Connecticut Appellate Court.  The Second Circuit has held that "[p]resenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Review by the Connecticut Supreme Court of a petition for certification is discretionary. See Conn. Gen. Stat. § 51-197f; Conn. Practice Book §§ 84-1 and 84-2 .

Here, the petitioner raised claims one, two and three in a petition for certification to the Connecticut Supreme Court only and the Court denied the petition for certification.  Because the petitioner did not raise any of the first three claims before the Connecticut Appellate Court and the Connecticut Supreme Court did not consider those claims, the petitioner has not fully exhausted those claims.  The court concludes that the petitioner has failed to fully exhaust his state court remedies as to any of the first four claims raised in this second amended petition.  Accordingly, the petitioner presents a mixed petition containing both exhausted and unexhausted claims.

6

Traditionally, a mixed petition was dismissed without prejudice to refile after all of the claims had been exhausted. See Slack v. McDaniel, 529 U.S. 473, 486 (2000) (citing Rose, 455 U.S. at 510). If the court were to dismiss the present petition without prejudice to permit the petitioner to exhaust his state court remedies as to the first four claims in the second amended petition, the one-year statute of limitations set forth in 28 U.S.C. § 2244 would bar the petitioner from re-filing a habeas petition in this court.[2] To avoid dismissal of a subsequent petition, the United States Court of Appeals for the Second Circuit has recommended that district courts stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (advising district courts to stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'").

The court concludes that dismissing this case without prejudice to reopening it after completion of the exhaustion process offers the petitioner the same protection as the issuance of a stay of this case pending exhaustion. By permitting the petitioner to reopen this case after he has completed exhaustion of his state court remedies, the danger that a subsequent new petition would likely be barred by the statute of

---

[2] The petitioner's first state habeas petition became final on May 15, 2001, at the expiration of the twenty-day period within which the petitioner could have filed a petition for certification to the Connecticut Supreme Court. See Conn. R. App. P. § 84-4(a) (providing that a petition for certification to appeal a decision of the Connecticut Appellate Court shall be filed within twenty days from the date the decision is issued or officially released). The petitioner filed the present petition on April 2, 2002. At that time, only forty-three days of the one year statute of limitations remained. Because the filing of a federal habeas petition does not toll the running of the one-year limitations period, Duncan v. Walker, 533 U.S. 167, 181-82 (2001), were this court to dismiss the petition without prejudice to re-filing, the petitioner would be time-barred from raising the first four grounds in a subsequent federal habeas petition.

limitations is eliminated. Under either procedure, the court would require the petitioner to file a motion or notification with the court after completion of the exhaustion process in state court. Thus, the court will dismiss the present petition without prejudice to the filing of a motion to reopen by the petitioner after he has fully exhausted his state court remedies as to the first four claims in the petition.

## CONCLUSION

The respondent's Motion to Dismiss [Dkt. No. 19] is **GRANTED** without prejudice to the petitioner's filing a motion to reopen this case after he has fully exhausted all available state court remedies as to the first four grounds of the second amended petition.

Within **thirty** days after the petitioner has completed the exhaustion of his state court remedies as to the first four grounds of the petition, the petitioner shall file a motion to reopen this case reporting that grounds one through four have been fully exhausted and that he wishes to reopen this case. The motion must be accompanied by an amended petition for writ of habeas corpus, including copies of any state court decisions documenting the exhaustion of his claims. The Clerk is directed to close this case.

**SO ORDERED.**

Dated this 25th day of June, 2004, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge