UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDRE PIERCE

V.                                    PRISONER CASE NO. 3:02CV838 (JCH)
                                      (HBF)

WARDEN SIEMINSKI

## MOTION TO REOPEN

This petitioner files this motion in pursuant to a court order that he revert the inexausted issues raised in his amended petition to the appropriate state courts to be properly raised and exausted.

In compliance to such order the petitioner raised the four claims listed below in a state habeas to Hartford Superior Court. It was dismissed on March 2, 2005.

The petitioner then appealed to Connecticut Appellate Court. Said court refused to waive fees and appoint counsel.

Petitioner then requested a hearing on the refusal to waive fees and appoint counsel. The outcome of which was unfavorable.

Petitioner then petitioned to Connecticut Supreme Court. On October 18, 2005 said court denied the petition for cert.

**CLAIMS.**

1. Pierce's due process rights were violated when the prosecutor engaged in misconduct at closing arguments. Where chief state's witness Richard Guzman testified to buying drugs from Polita Rodriguez at the time of the crime, Rodriguez testified to being in the company of Frederick D'Amico. D'Amico concurred with Rodriguez at trial. In light of such blatant contradiction the prosecutor insisted to the jury repeatedly

1

that there was no conflict between the testimony of Richard Guzman and Polita Rodriguez.

2. Pierce's due process rights were violated when detectives engaged in "suggestive identification procedures.
State witnesses Jose Robora and Frederick D'Amico testified to being coerced and shown only one photo of only Pierce when detectives were tryiny to identify Pierce as a suspect, repectively.

3. Pierce's due process rights were violated when detective Texera prejudiced Pierce to the jury by testifying to Pierce's prior history of selling/using drugs and carrying weapons.

4. Pierce's due process rights were violated when Pierce was prejudiced by the false testimony of detective Texera. He claimed there was a "hit" on Pierce for having committed the crime charged. Police reports show the alleged "hit" was only said to have been ordered against Richard Guzman, the state's chief witness.

**CONCLUSION.**

After having properly raising these once non-exausted claims to all appropriate state courts Pierce now ask this court's permission to reopen and proceed in this court with his habeas. Thank you.

Andre Pierce
October 26, 2005

2

## CERTIFICATION

**James A. Killen**        representing   Giovani Gomez(Respondent)
Office of the chief State's Attorney
300 Corporate Place        860-258-5807
Rocky Hill, CT 06067
LEAD ATTORNEY TO BE NOTICED

**Carolyn K. Longstreth**    representing Giovanni Gomez(Respondent)
Chief State's Attorney Office
300 Corporate Place
Rocky Hill, CT 06067
860-258-5800
LEAD ATTORNEY TO BE NOTICED

**Jo Anne Sulik**            representing Giovanni Gomez(Responden
Chief State Attorney Office, Civil Litigation Bureau
300 Corporate Place
Rocky Hill, CT 06067
860-258-5887
LEAD ATTORNEY TO BE NOTICED

*Andre Pierce: Petitioner: Pro se*

*Andre Pierce* (signature)

*Andre Pierce #218478*
*McDougall C.I.*
*1153 East Street South*
*Suffield CT. 06080*    *12/12/05*