UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDRE PIERCE | : | |
|     Petitioner | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:02-cv-838 (JCH) |
| | : | |
| GIOVANNI GOMEZ | : | |
|     Respondent | : | AUGUST 15, 2006 |

**RULING ON MOTION TO REOPEN [DOC. NO. 25]**

    The petitioner, Andre Pierce, is currently confined at the MacDougall Correctional Institution in Suffield, Connecticut. He brought this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction for manslaughter in the first degree. The petitioner's second amended petition included ten grounds for relief. On June 24, 2004, the court concluded that the petitioner had failed to fully exhaust his state court remedies as to any of the first four claims raised in the Second Amended Petition because the petitioner did not raise the fourth claim on appeal to the Connecticut Appellate Court or in his petition for certification to the Connecticut Supreme Court, and he did not raise any of the first three claims before the Connecticut Appellate Court and the Connecticut Supreme Court did not consider those claims.

    The court dismissed the case without prejudice to reopening it after completion of the exhaustion process and informed the petitioner that, if he sought to pursue the first four claims of the amended petition, he must file a motion reporting that grounds one through four have been fully exhausted and requesting that the court reopen this case. The court cautioned the petitioner that his motion to reopen must be accompanied by an amended petition for writ of habeas corpus, including copies of any

state court decisions documenting the exhaustion of his claims.

Pending before the court is petitioner's Motion to Reopen. He alleges that he has completed the exhaustion process as to the first four grounds of the Second Amended Petition and seeks to reopen this case. He did not submit a proposed third amended petition or copies of the recent state court decisions documenting the exhaustion of all grounds that he seeks to pursue in this action. Research has revealed that the only reported decision, since the court's ruling dismissing the petition, is a decision by the Connecticut Supreme Court denying petitioner's request for certification. See State of Connecticut v. Pierce, 276 Conn. 908, 886 A.2d 423 (2005). It is unclear, however, what grounds petitioner raised in his petition for certification. In addition, there are no reported decisions from the Connecticut Appellate Court.

Accordingly, the Motion to Reopen **[Doc. No. 25]** is **DENIED** without prejudice. If the petitioner seeks to pursue his challenge to his conviction, he may file a new motion to reopen accompanied by a third amended petition including all grounds that he seeks to pursue and demonstrating how each ground was exhausted in state court. **The petitioner must attach copies of any state court decisions documenting the exhaustion of his claims to his third amended petition.**
**SO ORDERED.**

Dated this 15th day of August, 2006, at Bridgeport, Connecticut.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge